1  G. Thomas Martin, III (SBN 218456)
   Krohn & Moss, Ltd.
2  10474 Santa Monica Blvd., Suite 401
   Los Angeles, CA 90025
3  Tel: 323-988-2400 x252
   Fax: 866-802-0021
4  tmartin@consumerlawcenter.com
   Attorneys for Plaintiff,
5  SUSAN ADCOCK

6              UNITED STATES DISTRICT COURT

7              CENTRAL DISTRICT OF CALIFORNIA

8

9  SUSAN ADCOCK,                    )  Case No. CV09-8799 SS
                                    )
10         Plaintiff,               )  COMPLAINT AND DEMAND FOR
                                    )  JURY TRIAL
11     v.                           )
                                    )  (Unlawful Debt Collection Practices)
12 RELIANT RECOVERY SERVICES, INC.  )
                                    )
13         Defendant.               )
                                    )

14

15              VERIFIED COMPLAINT

16     SUSAN ADCOCK (Plaintiff), by her attorneys, KROHN & MOSS, LTD., alleges the

17 following against RELIANT RECOVERY SERVICES, INC. (Defendant):

18              INTRODUCTION

19  1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15*

20     *U.S.C. 1692 et seq.* (FDCPA).

21  2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection

22     Practices Act, *Cal. Civ. Code §1788 et seq.* (RFDCPA).

23              JURISDICTION AND VENUE

24  3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such

25     actions may be brought and heard before "any appropriate United States district court

- 1 -

without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

4. Defendant conducts business in the state of California, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

6. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

### PARTIES

7. Plaintiff is a natural person residing in Beverly Hills, Los Angeles County, California.

8. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)* and *Cal. Civ. Code § 1788.2(h)*.

9. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and *Cal. Civ. Code §1788.2(c)*, and sought to collect a consumer debt from Plaintiff.

10. Defendant is a company with a business office in Glendora, California.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### FACTUAL ALLEGATIONS

12. Defendant did not send Plaintiff a debt validation letter.

13. Plaintiff sent a Notice of Dispute of the Debt and a Demand to Cease Communication to Defendant on July 1, 2009 which was received by Defendant on July 6, 2009.

14. Notwithstanding Plaintiff's explicit written demand to Defendant to cease further communication, Defendant thereafter contacted Plaintiff on July 30, 2009.

15. Defendant failed to validate Plaintiff's debt.

16. Defendant failed to communicate that Plaintiff's disputed debt is disputed with

- 2 -

Transunion, Experian and Equifax.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

17. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692c(c)* of the FDCPA by repeatedly communicating with Plaintiff after Plaintiff sent a demand to Defendant to cease further communication with Plaintif.

    b. Defendant violated *§1692e(8)* of the FDCPA by communicating credit information which is known or should be known to be false, including the failure to communicate that a disputed debt is disputed.

    c. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by communicating credit information which is known or should be known to be false, including the failure to communicate that a disputed debt is disputed.

    d. Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies verification of the debt or a copy of a judgment against the consumer and a the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the

consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

e. Defendant violated *§1692g(b)* by continuing collection activities and communications without providing Plaintiff with validation of the alleged debt.

WHEREFORE, SUSAN ADCOCK, respectfully requests judgment be entered against Defendant, RELIANT RECOVERY SERVICES, INC., for the following:

18. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

19. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

20. Actual damages,

21. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

22. Any other relief that this Honorable Court deems appropriate.

## COUNT II
### DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

24. Defendant violated the RFDCPA based on the following:

a. Defendant violated the *§1788.17* of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et seq.*

i. Defendant violated *§1692c(c)* of the FDCPA by repeatedly communicating with Plaintiff after Plaintiff sent a demand to Defendant to cease further communication with Plaintiff;

- 4 -

ii.   Defendant violated *§1692e(8)* of the FDCPA by communicating credit information which is known or should be known to be false, including the failure to communicate that a disputed debt is disputed.

iii.   Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by communicating credit information which is known or should be known to be false, including the failure to communicate that a disputed debt is disputed.

iv.   Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies verification of the debt or a copy of a judgment against the consumer and a the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

v.   Defendant violated *§1692g(b)* by continuing collection activities and communications without providing Plaintiff with validation of the alleged

- 5 -

PLAINTIFF'S COMPLAINT

debt

WHEREFORE, Plaintiff, SUSAN ADCOCK, respectfully requests judgment be entered against Defendant, RELIANT RECOVERY SERVICES, INC., for the following:

25. Declaratory judgment that Defendant's conduct violated the Rosenthal Fair Debt Collection Practices Act,

26. Statutory damages pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(b)*,

27. Actual damages,

28. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ Code § 1788.30(c)*, and

29. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, SUSAN ADCOCK, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED:  November 24, 2009          KROHN & MOSS, LTD.

By: _____

G. Thomas Martin, III
Attorney for Plaintiff

- 6 -

*ATTN: TIM MASTERS*
*=A*
*CHRISTIAN BLACK*

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA

    Plaintiff, SUSAN ADCOCK, states as follows:

1.    I am the Plaintiff in this civil proceeding.

2.    I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.    I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4.    I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5.    I have filed this Complaint in good faith and solely for the purposes set forth in it.

6.    Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7.    Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

    Pursuant to 28 U.S.C. § 1746(2), I, SUSAN ADCOCK, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE:  __11|20|09__                  _____
                                             SUSAN ADCOCK

- 7 -